# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARAD BASHIR,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>        Respondents. | Case No. 1:26-cv-00578-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO<br>GRANT RESPONDENTS' MOTION TO<br>DISMISS IN PART AND DISMISS<br>GROUND ONE OF THE PETITION<br><br>(ECF No. 11) |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner was born in Somalia and came to the United States on September 1, 2022. (ECF No. 1 at 2.[1]) Petitioner applied for asylum and obtained work authorization. On July 1, 2025, Petitioner was detained because he missed a court date. On October 22, 2025, an immigration judge ("IJ") denied Petitioner's asylum application and ordered him removed to Somalia. (Id. at 2, 3.)

On January 23, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that: (1) Petitioner's continued detention in immigration custody violates due process because there is

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

no significant likelihood of removal in the reasonably foreseeable future; (2) ICE's third country removal procedures violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Convention Against Torture ("CAT"), and implementing regulations; and (3) punitive third-country banishments violate the Fifth and Eighth Amendments. (ECF No. 1 at 14–17.)

On March 5, 2026, Respondents filed a motion to dismiss the petition because "Petitioner was removed via airplane" "from the United States on February 13, 2026, upon execution of a valid order of removal by an immigration judge," and as "Petitioner is no longer in Respondents' custody, his petition is now moot." (ECF No. 11 at 1.)

**II.**

**DISCUSSION**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In Ground One of the petition, Petitioner challenged his continued detention in immigration custody and requested release from custody. (ECF No. 1 at 14, 20.) As Petitioner has been removed from the United States and is no longer in immigration detention, the Court finds that no case or controversy exists with respect to Ground One, which should be dismissed as moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

However, the petition also raises other grounds for relief. Specifically, the petition challenges Respondents' third country removal policy on various grounds. (ECF No. 1 at 15–17.)

Here, Respondents have submitted an ICE Form I-205. Next to "Port, date, and manner of removal," there is the following handwritten notation: "NBO, 2/13/26, Airplane 37 0713 (HK)." (ECF No. 11 at 4.) "NBO" is the IATA airport code for Jomo Kenyatta International Airport, which serves Nairobi, Kenya.[2] See Jomo Kenyatta International Airport, Wikipedia, https://en.wikipedia.org/wiki/Jomo_Kenyatta_International_Airport. Based on the ICE Form I-205, it appears that Petitioner may have been removed to Kenya when he was ordered removed to Somalia, and Respondents' motion does not specifically state that Petitioner was removed to Somalia.

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala, 488 F.3d at 1064. The Ninth Circuit has noted that "'extreme circumstances'—such as removal in contravention of due process— . . . would permit review of [habeas] claims" despite a petitioner's removal from the United States. Abdala, 488 F.3d at 1065 n.2 (citing Miranda v. Reno, 238 F.3d 1156, 1158–59 (9th Cir. 2001); Singh v. Waters, 87 F.3d 346, 349 (9th Cir. 1996) (allowing claim that the INS removed an immigrant "in violation of the immigration judge's order and after interference with his right to counsel" to proceed); Mendez v. INS, 563 F.2d 956, 957–58 (9th Cir. 1977) (considering claim that "deportation was effected by procedurally defective means" because "'departure' in the context of 8 U.S.C. § 1105a cannot mean 'departure in contravention of procedural due process'")).

"The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). Given that multiple courts have found the government's third country removal policy violates due process and is contrary to Ninth Circuit precedent,[3] and extreme circumstances such as removal in

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[3] See, e.g., Kumar v. Wamsley, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025) (noting

contravention of due process would permit review of habeas claims despite a petitioner's removal from the United States, Abdala, 488 F.3d at 1065 n.2, the Court recommends finding that Respondents have not satisfied their burden that Grounds Two and Three of the petition challenging Respondents' third country removal policy are moot. See J.G.G. v. Trump, No. CV 25-766 (JEB), 2026 WL 391937 (D.D.C. Feb. 12, 2026) (permitting Venezuelan nationals who were denied due process and unlawfully deported to the Center for Terrorism Confinement ("CECOT") in El Salvador to file habeas supplements from abroad and ordering government to facilitate return from third countries plaintiffs who so desire and "seek to further press their habeas claims").

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 11) be GRANTED in part and DENIED in part; and

2. Ground One of the petition be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file

"overwhelming authority against" the policy); Vu v. Noem, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025) ("ICE's policy is contrary to Ninth Circuit precedent. . . . Other courts in this circuit have recognized that this policy is unconstitutional, and this Court agrees with those well-reasoned decisions."); Nguyen v. Scott, 796 F. Supp. 3d 703, 728 (W.D. Wash. 2025) ("This policy contravenes Ninth Circuit law, as laid out above. It would be impossible to comply both with Ninth Circuit precedent and the policy." (citations omitted)).

objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge