# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARAD BASHIR,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>      Respondents. | Case No. 1:26-cv-00578-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner was born in Somalia and came to the United States on September 1, 2022. (ECF No. 1 at 2.[1]) Petitioner applied for asylum and obtained work authorization. On July 1, 2025, Petitioner was detained because he missed a court date. On October 22, 2025, an immigration judge ("IJ") denied Petitioner's asylum application and ordered him removed to Somalia. (Id. at 2, 3.)

On January 23, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that: (1) Petitioner's continued detention in immigration custody violates due process because there is

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

no significant likelihood of removal in the reasonably foreseeable future; (2) ICE's third country removal procedures violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Convention Against Torture ("CAT"), and implementing regulations; and (3) punitive third-country banishments violate the Fifth and Eighth Amendments. (ECF No. 1 at 14–17.) On March 5, 2026, Respondents filed a motion to dismiss the petition because "Petitioner was removed via airplane" "from the United States on February 13, 2026, upon execution of a valid order of removal by an immigration judge," and as "Petitioner is no longer in Respondents' custody, his petition is now moot." (ECF No. 11 at 1.)

On March 19, 2026, the Court issued findings and recommendations to grant the motion to dismiss in part and dismiss as moot Ground One, which challenged Petitioner's continued detention, and to deny the motion to dismiss in part because Respondents failed to bear the burden of establishing mootness with respect to the remaining claims. (ECF No. 12.) On April 6, 2026, the assigned district judge adopted the findings and recommendations, dismissed Ground One, and referred the matter back to the undersigned for further proceedings. (ECF No. 13.)

**II.**

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

On February 23, March 30, and April 20, 2026, documents mailed to Petitioner were returned as undeliverable. It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore,

if mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within thirty days thereafter of a current address, the court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over thirty days since mail was returned by the U.S. Postal Service as undeliverable.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" PPA Prods. Liab. Litig., 460 F.3d at 1226 (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal. Finally, the Court finds that there are no feasible less drastic alternatives given Petitioner's removal from the United States. Therefore, dismissal is appropriate.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14)** days after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge